UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

            Criminal Case No. 21-20233
            Honorable Linda V. Parker

NORLAN LYNN CALHOUN,
a/k/a LYNN CALHOUN,

    Defendant.
_____/

## OPINION AND ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE (ECF NO. 54) AND ADDRESSING EVIDENTIARY ISSUES RAISED IN GOVERNMENT'S NOTICE (ECF NO. 53)

Defendant Norlan Lynn Calhoun ("Defendant") is charged in a Superseding Indictment with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 16.) The case is scheduled for trial on March 21, 2023, and is presently before the Court on the Government's motion in limine (ECF No. 54) and notice of intent to offer evidence pursuant to Federal Rules of Evidence 902(11) and (13) (ECF No. 53).

### Motion in Limine

In its motion, the Government seeks to introduce recorded statements made by Letitia McCall during a 911 call, in which Ms. McCall identified Defendant as the individual who shot at her vehicle, provided Ms. McCall testifies at trial and is

subject to cross-examination. The Government asserts that such evidence is admissible under Federal Rule of Evidence 801(d)(1)(C).

Defendant argues in response that the Government's motion is an attempt to circumvent this Court's earlier ruling that the video from an officer's body camera—on which Ms. McCall identified Defendant as the shooter—is inadmissible hearsay as her recorded statements were not excited utterances. (ECF No. 57.) Defendant maintains that Ms. McCall's prior statement during the 911 call is admissible only if she testifies at trial *and* fails to identify Defendant as the shooter. Defendant also argues that the Government's motion is moot if the Court grants Ms. McCall's motion to assert the marital privilege.

The Court denied Ms. McCall's motion. (ECF No. 58.) Therefore, the Government's pending motion is not moot. For the reasons set forth below, the Court grants the motion.

Rule 801(d)(1)(C) provides that a statement is not hearsay if "[t]he declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1)(C). According to the plain language of the rule, the declarant need not forget or change his or her testimony at trial for the declarant's prior, out-of-court statement to be considered non-hearsay. *Id.*; *see also United States v. Cardena*, 842 F.3d 959, 990 (7th Cir. 2016); *United States v. Paredes-Rodriguez*,

2

160 F.3d 49, 57-58 (1st Cir. 1988). As such, if called as a witness at trial and subject to cross-examination, Ms. McCall's statement during the recorded 911 call, identifying Defendant as the shooter, is not hearsay and is admissible regardless of whether her trial testimony is consistent or inconsistent with her recorded statement.

### Notice of Intent to Offer Evidence

The Government filed a notice, indicating that it intends to offer the following evidence at trial:

(a) State of Michigan Secretary of State registration and title history for 2017 Kia Optima;

(b) T-Mobile records for phone 313.465.4841;

(c) Nationwide Insurance Company special investigations report and findings;

(d) 911 Detroit Police Department audio recording dated February 28, 2022; and

(e) AT&T records for phone number 313.808.3105.

(ECF No. 53.) According to the Government, these records constitute business records under Federal Rule of Evidence 803(6), which are self-authenticating as certified domestic records of regularly conducted activity, Fed. R. Evid. 902(11), or as certified records generated by an electronic process or system, *id.* 902(13).

Defendant has no objection to the admission of (a), (b), or (e). (ECF No. 62 at Pg ID 255.) Defendant argues, however, that the insurance company's report

3

and findings and 911 recording are not business records under Rule 803(6) or self-authenticating under Rule 902.

This Court previously held that the statements by Ms. McCall on the 911 call fall within the present sense impression exception to the rule against hearsay and that those statements are nontestimonial such that the Confrontation Clause does not bar their admission. (*See* ECF No. 44 at Pg ID 177-79.) Contrary to Defendant's assertion, such calls are routinely considered to be self-authenticating business records. *See, e.g., United States v. Suggs*, 266 F. App'x 258, 262 (4th Cir. 2008); *United States v. Yuan Li*, No. 18-cr-302, 2020 WL 6393038, at *12 (E.D.N.Y. Nov. 2, 2020); *Jeffrey v. Ames*, No. 2:19-cv-00045, 2019 WL 8137165, at *25 (S.D. W. Va. Nov. 22, 2019) (collecting cases). Defendant's objection to the Government's notice is therefore without merit.

Defendant's objection to the insurance report also is without merit. The Government indicates that it seeks to introduce these records to show that Ms. McCall filed an insurance claim for a loss caused by the bullet holes to her vehicle and received a settlement and determination that the bullet holes were not pre-existing damage. The Government further indicates that it has redacted any hearsay evidence from the records.

The report is not, as Defendant suggests, a document prepared in anticipation of litigation. Instead, it is a report prepared in the ordinary course of

4

the insurance company's business as it evaluates a claim for coverage, as attested to by Nationwide Special Investigator Joel Currin. (*See* ECF No. 63-3 at Pg ID 265.) Such reports are routinely found to be business records under Rule 803(6), which are self-authenticating under Rule 902(11). *United States v. Armstrong*, 619 F.3d 380, 384-85 (5th Cir. 2010); *United States v. Lezcano*, 296 F. App'x 800, 807-08 (11th Cir. 2008); *see also Chapman v. Milford Towing & Serv., Inc.*, 499 F. App'x 437, 446 (6th Cir. 2012) (finding that transcript of telephone statement given to insurance company was admissible under the business records exception).

Accordingly,

**IT IS ORDERED** that the Government's Motion in Limine to Introduce Statements Identifying Defendant as the Shooter Under Rule 801(d)(1)(C) (ECF No. 54) is **GRANTED**.

It **IS FURTHER ORDERED** that Defendant's objections to the Government's Notice of Intent to Offer Evidence Pursuant to Federal Rules of Evidence 902(11) and (13) are **REJECTED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: February 27, 2023